UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

STEVEN MCCOY and LITA MCCOY, husband and wife,

Plaintiffs,

v.

LIBERTY MUTUAL FIRE INSURANCE COMPANY,

Defendant.

CASE NO. C09-5464BHS

ORDER DENYING PLAINTIFFS' MOTION TO REMAND AND GRANTING MOTION TO AMEND.

This matter comes before the Court on Plaintiffs' motion to remand (Dkt. 5) and Plaintiffs' motion to amend complaint (Dkt. 8). The Court, having considered the pleadings filed in support of and in opposition to these motions and the remainder of the file, denies Plaintiffs' motions for the reasons stated herein.

**I. FACTUAL AND PROCEDURAL BACKGROUND**

This matter arises out of an auto insurance dispute. Plaintiffs are residents of the State of Washington. Dkt. 8, attachment 1 at 1. Plaintiffs purchased an automobile insurance policy from Defendant, which included $100,000 in under insured motorist coverage. Dkt. 6 at 2.

ORDER - 1

1   Steven McCoy was injured in an automobile accident involving an under insured
2   motorist. *Id*. Plaintiffs obtained settlement from the under insured motorist's insurance in
3   the amount of the policy limit, $25,000. *Id*.
4   Plaintiffs then filed a claim with Defendant under their under insured motorist
5   policy. Defendant offered a settlement, which Plaintiffs refused. Dkt. 5 (Declaration of
6   Plaintiffs' attorney at 3). Defendant declined to arbitrate the matter. Dkt. 10 at 2.
7   On July 1, 2009, Plaintiffs filed a complaint for damages against Defendant in
8   Cowlitz County Superior Court. Dkt. 1, attachment 1 at 14. Plaintiffs allege that the
9   amount offered by Defendant was insufficient and request judgment against Defendant in
10  the amount of $125,000, which reflects the under insured motorist's policy limit of
11  $25,000 and the $100,000 limit that Plaintiffs purchased from Defendant. *Id*. at 16.
12  On July 29, 2009, Defendant filed notice of removal from Cowlitz County
13  Superior Court to United States District Court for the Western District of Washington.
14  Dkt 1 (notice of removal) at 1. This removal was based on diversity of citizenship. *Id*. at
15  2.
16  On August 7, 2009, Plaintiffs filed a motion for remand to state court. Dkt. 5. On
17  August 31, 2009, Defendant filed a response in opposition to Plaintiffs' motion. Dkt. 10.
18  On September 3, 2009, Plaintiffs filed a reply to Defendant's response. Dkt. 12. The
19  parties disagree as to whether removal was proper in this case. Additionally, on August
20  27, 2009, Plaintiffs filed a motion to amend their complaint. Dkt. 8. Defendant opposed
21  this motion in its responsive pleading filed August 31, 2009.
22  The Court finds these motions to be related and rules on them together as
23  discussed herein.

## II. DISCUSSION

**A.  Motion to Remand**

**1.     Removal Jurisdiction**

The removal statute, 28 U.S.C. § 1441, provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for any district . . . where such action is pending."The proper procedure for challenging removal to federal court is a motion to remand. A federal court must order remand if there is any defect which causes federal jurisdiction to fail, or if there is any defect in the removal procedure. 28 U.S.C. § 1447©). The removal statutes are construed restrictively, and any doubts about removal are resolved in favor of remanding the case to state court. *Gaus v. Miles. Inc*., 980 F.2d 564, 566 (9th Cir. 1992). On a motion to remand, the removing defendant faces a strong presumption against removal, and bears the burden of establishing that removal was proper by a preponderance of evidence. *Id*. at 567; *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403-04 (9th Cir. 1996). One instance in which the district courts of the United States have "original jurisdiction" is where there is complete diversity between the parties and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a)(1).

**a.     Diversity of Citizenship**

To establish citizenship for diversity purposes, a corporation is a citizen of the state where it is incorporated and of the state where it has its principal place of business. 28 U.S.C. § 1332©); *see also Indus. Tectonics, Inc. V. Aero Alloy*, 912 F.2d 1090, 1092 (9th Cir. 1990). "The party asserting jurisdiction has the burden of proving all jurisdictional facts." *Indus. Tectonics*, 912 F.2d at 1092 (citations omitted).

Here, Defendant asserts and Plaintiffs do not disagree that Defendant is incorporated in Wisconsin. *See* Dkt. 10 at 5. Because Defendant can show it is incorporated in another state, it will establish diversity of citizenship if it can also establish that its principle place of business is not in Washington.

Defendant claims its principle place of business is in Massachusetts. Dkt. 10 at 5. *See generally* Dkt. 5 and 12. Plaintiffs do not contend otherwise, but merely assert that Defendant has an office in Cowlitz county.

Generally, federal courts utilize one of two tests when determining a corporation's principal place of business. *Indus. Tectonics*, 912 F.2d at 1092 (citation omitted):

> Under the "nerve center test," developed in *Scot Typewriter Co. V. Underwood Corp.*, 170 F. Supp 862, 865 (S.D.N.Y. 1959), a corporation's principal place of business is where its executive and administrative functions are performed. Under the "place of operations test," developed in *Inland Rubber Corp. V. Triple A Tire Service, Inc.*, 220 F. Supp. 490, 496 (S.D.N.Y. 1963), the principal place of business is the state which "contains a substantial predominance of corporate operations." *See Co-Efficient Energy Systems v. CSL Industries*, 812 F.2d 556, 558 (9th Cir. 1987).

*Id.* at 1092-93. Notably, a corporation, by qualifying to do business in a state and by consenting to be sued in the courts of that state, does not thereby become a citizen of that state for diversity purposes, nor does it waive its right to a removal to the federal court. *Terral v. Burke Construction Co*. 257 U.S. 529, 532, 42 S. Ct. 188, 66 L. Ed. 352 (1922).

Plaintiffs contend, however, that this matter is a direct action as contemplated under 28 U.S.C. § 1332(c)(1). Dkt. 5 at 2. This statute provides, in relevant part, as follows:

> [I]n any direct action against the insurer of a policy or contract of liability insurance, whether incorporated or unincorporated, to which action the insured is not joined as a party-defendant, such insurer shall be deemed a citizen of the State of which the insured is a citizen . . . .

This statute does not have application to the instant case. The Ninth Circuit has expressed that

> [t]his portion of s 1332©) was enacted in 1964 *specifically* to eliminate diversity jurisdiction tort claims in which both the injured party and the tortfeasor are local residents but which, under state "direct action" statutes, are brought against the tortfeasor's foreign insurance carrier without joining the tortfeasor as a defendant. Courts have uniformly defined the term "direct action" as used in this section as those cases in which a party suffering injuries or damage for which another is legally responsible is entitled to bring suit against the other's liability insurer without joining the insured or first obtaining a judgment against him. Thus, "unless the cause of action urged against the insurance company is of such a nature that the liability sought to be imposed could be imposed against the insured, the action is not a direct action.

ORDER - 4

*Beckham v. Safeco Ins. Co. of America*, 691 F.2d 898, 901-02 (9th Cir. 1982) (emphasis added) (citations omitted). In *Beckham*, the Court concluded that the matter did not involve a "direct action" because Beckham (the insured) was seeking to impose liability on Safeco for its own tortious conduct, i.e., refusing to settle her claim against a third party. The Court held, "[t]he district court thus did not err in concluding that diversity jurisdiction existed in this case. *Id*. at 902.

Similarly, here, Plaintiffs are attempting to impose liability on their own insurance company for failure to settle a claim they have, which arises out of a third party's (the uninsured motorist's) tortious conduct. In other words, this is simply not the type of case contemplated by the "direct action" proviso in 28 U.S.C. § 1332(c)(1), as the liability that the Plaintiffs seek to impose against their insurance company could not possibly be imposed against the Plaintiffs themselves. To find otherwise would defy logic.

Here, the Court finds no reason to conclude that Defendant's principal place of business is in Washington – county where insurance is sold hardly qualifies Defendant as a citizen of Washington under either of the tests articulated by the Ninth Circuit in *Indus. Tectonics*. Therefore, the Court concludes that diversity of citizenship exists between the parties. As such, jurisdiction will be found proper under 28 U.S.C. § 1332©) if the amount in controversy requirement is met.

### b. Amount in Controversy

The removing defendant bears the burden of establishing federal jurisdiction, including any applicable amount in controversy. *Abrego Abrego v. The Dow Chemical Co.*, 443 F.3d 676, 682-83 (9th Cir. 2006). Where the complaint specifies the amount of damages sought, the removing defendant may rely on the complaint to establish that the amount in controversy exceeds the sum or value of $75,000. *See Sanchez*, 102 F.3d at 404.

Here, it is evident from the face of the complaint that the amount in controversy is $75,000 or greater. *See* (Dkt. 1, attachment 1 at 16). Therefore, Defendant relying on the

1 information contained in the complaint has met its burden in establishing the requisite
2 amount in controversy.

### 2. Forum Non Conveniens

Where a court has jurisdiction under 28 U.S.C. § 1332, the procedure for remand after removal is guided by 28 U.S.C. § 1447©). A motion to remand the case must be based on some defect other than lack of subject matter jurisdiction. 28 U.S.C. § 1447©). Plaintiffs assert no defect here, and the Court finds no defect present in Defendant's removal.

Here, pursuant to 28 U.S.C. § 1332(a)(1), the Court has jurisdiction. Plaintiffs provide no authority to the contrary. Nonetheless, Plaintiffs request the Court to order remand pursuant to 28 U.S.C. § 1441(e)(6) (*forum non conveniens*). Dkt. 5 at 2. This statute is not applicable to motions to remand where the federal district court has jurisdiction. A change of venue request based on convenience of the parties and witnesses is controlled by 28 U.S.C. § 1404. But this statute is also inapplicable in the instant matter.

Therefore, Plaintiffs' motion to remand is denied because the Court has jurisdiction based on diversity of citizenship and there was no defect in Defendant's removal.

### B. Motion to Amend Pleadings

Pursuant to Fed. R. Civ. P. 15(a)(2), Plaintiffs request leave to amend the complaint. Where an answer has been filed, Plaintiffs must either secure the opposing party's consent or leave from the court to amend the complaint. Fed. R. Civ. P. 15(a)(1)(B), (a)(2). Here, Defendant filed an answer to the complaint (Dkt. 6) and does not consent to Plaintiffs' request to amend the complaint. *See* Dkt. Plaintiffs intend to amend the complaint to add the following claims: (1) damages and contract benefits; (2) consumer protection violation;(3) bad faith in handling of claim; and (4) violation of the Insurance Fair Conduct Act. Dkt. 8, attachment 1 (proposed amended complaint).

Because these claims appear to be colorable, the Court grants Plaintiffs leave to amend the complaint.

**C.     Attorney Fees**

Because Plaintiffs' motion to remand is denied, Plaintiffs' request for attorney fees is also denied.

## III. ORDER

Therefore, it is hereby **ORDERED** that

**(1)** Plaintiffs' motion to remand (Dkt. 5) is **DENIED;**

**(2)** Plaintiffs' motion to amend the complaint (Dkt. 8) is **GRANTED;** and

**(3)** Plaintiffs' request for attorney fees is **DENIED**.

DATED this 23rd day of September, 2009.

                                                            BENJAMIN H. SETTLE
                                                            United States District Judge