UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

STEVEN MCCOY and LITA MCCOY,
husband and wife,

        Plaintiffs,

    v.

LIBERTY MUTUAL FIRE
INSURANCE COMPANY,

        Defendant.

CASE NO. C09-5464BHS

ORDER GRANTING IN PART
AND DENYING IN PART
DEFENDANT'S MOTION
FOR PARTIAL SUMMARY
JUDGMENT AND DENYING
PLAINTIFFS' CROSS
MOTION FOR SUMMARY
JUDGMENT

    This matter comes before the Court on Defendant's motion for partial summary judgment or, in the alternative, for bifurcation and stay (Dkt. 21) and Plaintiffs' cross motion for summary judgment or to deny Defendant's motion under Rule 56(f) (Dkt. 26). The Court has considered the pleadings filed in support of and in opposition to the motions and the remainder of the file and hereby grants in part and denies in part Defendant's motion and denies Plaintiffs' cross motion as discussed herein.

**I. PROCEDURAL HISTORY**

    On July 1, 2009, Plaintiffs filed a complaint for damages against Defendant in Cowlitz County Superior Court. Dkt. 1, attachment 1 at 14. On July 29, 2009, Defendant removed the matter to federal court. Dkt 1 at 1. On September 24, 2009, the Court denied Plaintiffs' motion to remand (Dkt. 5) and granted their motion to amend the complaint

ORDER - 1

(Dkt. 8). Dkt. 16. On September 29, 2009, Plaintiffs filed their amended complaint. Dkt. 17. On October 29, 2009, Defendant filed a motion for partial summary judgment or, in the alternative, for bifurcation and stay. Dkt. 21. On November 6, 2009, Plaintiffs responded to Defendant's motion within its cross motion for summary judgment and 56(f) motion. Dkt. 26. On November 16, 2009, Plaintiffs filed both a response to Defendant's cross motion (Dkt. 30) and a reply to Defendant's response to Plaintiffs' motion for partial summary judgment (Dkt. 21). Dkt. 31.

## II. FACTUAL BACKGROUND

This matter arises out of an auto insurance dispute. Dkt. 1. Plaintiffs purchased an automobile insurance policy from Defendant, which included $100,000 in underinsured motorist coverage ("UIM" coverage). Dkt. 6 at 2. Steven McCoy was injured in an automobile accident involving an underinsured motorist. *Id.* Plaintiffs obtained settlement from the underinsured motorist's insurance in the amount of the policy limit, $25,000. *Id.* Plaintiffs filed a UIM claim with Defendant under the terms of their auto insurance policy. Defendant offered a settlement, which Plaintiffs refused. Dkt. 5, Declaration of Duane C. Crandall at 3. Defendant declined Plaintiffs' request to arbitrate the matter. Dkt. 10 at 2.

Dissatisfied with this result, Plaintiffs brought suit against Defendant alleging that the amount offered by Defendant was insufficient and requested judgment against Defendant in the amount of $125,000, which reflects the underinsured motorist's policy limit of $25,000 and the $100,000 UIM policy limit that Plaintiffs purchased from Defendant. Dkt. 1 at 16. Defendant removed the action from Cowlitz County Superior Court (Dkt. 1) and the Court concluded removal based on diversity jurisdiction was proper. Dkt. 16.

Following removal, the Court permitted Plaintiffs to amend their complaint. *Id*. The amended complaint asserted the following additional claims: (1) Consumer

Protection Act violation ("CPA"), (2) bad faith handling of claim, and (3) violation of the Insurance Fair Conduct Act ("IFCA"). Dkt. 17 (Amended Complaint) ¶¶ 5.1-7.3.

## III. DISCUSSION

**A.  Summary Judgment Standard**

Summary judgment is proper only if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim in the case on which the nonmoving party has the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1985). There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (nonmoving party must present specific, significant probative evidence, not simply "some metaphysical doubt"). *See also* Fed. R. Civ. P. 56(e). Conversely, a genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions of the truth. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 253 (1986); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

The determination of the existence of a material fact is often a close question. The Court must consider the substantive evidentiary burden that the nonmoving party must meet at trial – e.g., a preponderance of the evidence in most civil cases. *Anderson*, 477 U.S. at 254; *T.W. Elec. Serv., Inc.*, 809 F.2d at 630. The Court must resolve any factual issues of controversy in favor of the nonmoving party only when the facts specifically attested by that party contradict facts specifically attested by the moving party. The nonmoving party may not merely state that it will discredit the moving party's evidence at trial, in the hopes that evidence can be developed at trial to support the claim. *T.W. Elec.*

ORDER - 3

*Serv., Inc.*, 809 F.2d at 630 (relying on *Anderson, supra)*. Conclusory, nonspecific statements in affidavits are not sufficient, and missing facts will not be presumed. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888-89 (1990).

**B.     Defendant's Partial Summary Judgment Motion**

As it pertains to this motion for partial summary judgment, Plaintiffs primarily predicate their claims for bad faith, CPA, and IFCA on the basis that (1) Defendant declined to arbitrate Plaintiffs' claim and that (2) Defendant removed the action to federal court based on diversity jurisdiction. *See, e.g.,* Amended Complaint ¶¶ 5.2, 5.5, 5.7, 6.1, and 7.2.

In opposition, Defendant contends that Plaintiffs can assert no set of facts upon which their claims for bad faith, CPA, and IFCA violations can be predicated on Defendant's removal or its decision not to arbitrate. *See generally* Dkt. 21. Defendant relies on the following key facts to support its contention: (1) This Court has already found proper removal of the matter to this Court based upon diversity of citizenship pursuant 28 U.S.C. § 1332 (Dkt. 16), and (2) the insurance contract between the parties did not contain a provision requiring the parties to arbitrate in the event of a policy coverage dispute. Dkt. 22, Declaration of Patrick McKenna (McKenna Decl.), Ex. 1 at 17 (contract terms providing that "[b]oth parties must *agree* to arbitrate") (emphasis added).

**1.     Bad Faith**

To bring a successful bad faith claim, an insured must establish, among other things, that the insurer owed a duty to the insured. *Smith v. Safeco Ins. Co.*, 150 Wn.2d 478, 485 (2003) (en banc). Plaintiffs cannot establish that Defendant breached a duty to arbitrate. In fact, the insurance agreement only permitted arbitration by mutual agreement, and Defendant did not agree to arbitrate. McKenna Decl., Ex. 1 at 17; *see also* Amended Complaint ¶ 3.3 ("Liberty Mutual refused to arbitrate"). Plaintiffs also fail to establish that removal based on diversity was a breach of any duty owed. *See* Dkt. 16 (Court order that removal was proper).

To the extent Plaintiffs' claim for bad faith is based on Defendant's removal or its decision not to arbitrate, the Court finds the claim to be without merit. Therefore, the Court grants Defendant's motion for partial summary judgment on this issue.

**2. CPA**

To bring a successful CPA claim against Defendant, Plaintiffs must establish that, among other things, Defendant engaged in an unfair or deceptive act or practice. RCW 19.86.020.

However, to the extent Plaintiffs' CPA claim is based on Defendant's removal or its decision not to arbitrate, the Court finds the claim to be without merit because (1) the contract did not require arbitration and (2) the parties were entitled to remove this matter to federal court. *See* McKenna Decl., Ex. 1 at 17; *see also* Dkt. 16.

Therefore, the Court grants Defendant's motion for partial summary judgment on this issue.

**3. IFCA**

To be successful in bringing a claim under IFCA, Plaintiffs must establish that their claim was unreasonably denied. RCW 48 .30.015(1).

However, to the extent Plaintiffs' IFCA claim is based on Defendant's removal or its decision not to arbitrate, the Court finds the claim to be without merit because (1) the contract did not require arbitration and (2) the parties were entitled to remove this matter to federal court. *See* McKenna Decl., Ex. 1 at 17; *see also* Dkt. 16.

Therefore, the Court grants Defendant's motion for partial summary judgment on this issue.

**C. Bifurcation**

The only remaining noncontractual claim appears to be Plaintiffs' bad faith claim. *See* Complaint ¶ 6.1 (alleging facts to support a bad faith claim other than the fact that Defendant decided not to arbitrate and elected to remove the matter to federal court). Regarding the remaining UIM coverage claim and the noncontractual bad faith claim,

Defendant urges the Court to bifurcate the trial on these issues and to stay discovery of the bad faith claim. *See* Dkt. 31 at 5, 7 (moving the Court to bifurcate and stay discovery on certain issues). Defendant argues that not bifurcating discovery and the trial on this issue will prejudice its ability to "prepare [its] case without fear that their settlement, defense, and trial strategies will be disclosed" to Plaintiffs. Dkt. 31 at 5.

Federal Rule of Civil Procedure 42(b) provides, in pertinent part:

> The court, in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy, may order a separate trial of any claim, cross-claim, counterclaim, or third-party claim, or of any separate issue or of any number of claims, cross-claims, counterclaims, third-party claims, or issues . . . .

In deciding a motion for bifurcation pursuant to Federal Rule of Civil Procedure 42(b), the Court considers factors such as convenience, prejudice, judicial economy and whether the issues are clearly separable. *See* Schwarzer, Tashima & Wagstaffe, *Fed. Civ. Proc. Before Trial* 16:160.4 (1999); *Hirst v. Gertzen*, 676 F.2d 1252, 1261 (9th Cir. 1982). "Bifurcation is particularly appropriate when resolution of a single claim or issue could be dispositive of the entire case." *Drennan v. Maryland Cas. Co.*, 366 F. Supp. 2d 1002, 1007 (D. Nev. 2005) (citing *O'Malley v. United States Fidelity and Guaranty Co.*, 776 F.2d 494, 501 (5th Cir. 1985) ("Since a recovery on the bad faith claim would not have been possible unless O'Malley prevailed on his coverage claim, the district court acted correctly in bifurcating the issues to avoid prejudice and to expedite the trial.)). Bifurcation is inappropriate where the issues are so intertwined that separating them would "tend to create confusion and uncertainty." *See Miller v. Fairchild Indus., Inc.*, 885 F.2d 498, 511 (9th Cir. 1989) (citation and quotation marks omitted).

If Plaintiffs do not prevail on their breach of contract claim, Defendant will have a complete defense to Plaintiffs' bad faith claim. Put otherwise, a breach of contract claim is not so intertwined with a bad faith claim because the resolution of one can dispose of the other as a matter of law. "Bifurcation thus would further the interest of expedient resolution of litigation. Further, bifurcation would simplify the issues for trial and reduce

the possibility of undue prejudice by allowing the jury to hear evidence of bad faith only upon establishing that [Defendant] breached the insurance contract." *Drennan*, 366 F. Supp. 2d 1008. Therefore, the Court grants Defendant's motion to bifurcate trial on the breach of contract claim from the bad faith claim.

However, the Court finds that a stay of discovery on the issue of bad faith is unnecessary in this case. Discovery on both claims will be more convenient for the parties and will further judicial economy. Joint discovery will also aid the parties in settlement efforts. Should a second trial on the issue of bad faith become necessary, joint discovery will permit the second trial to commence immediately after the first. Therefore, the Court denies Defendant's motion to stay discovery on the issue of bad faith.

### D. Plaintiffs' Motions

Based on the rulings herein, Plaintiffs' cross-motion for summary judgment or to suspend Defendant's motion for partial summary judgment pursuant to Fed. R. Civ. P. 56(f) is moot.

## IV. ORDER

Therefore, it is hereby

**ORDERED** that Defendant's motion for partial summary judgment is granted in part and denied in part, as discussed herein.

DATED this 29th day of December, 2009.

BENJAMIN H. SETTLE
United States District Judge