UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

STEVEN MCCOY and LITA MCCOY,
husband and wife,

    Plaintiffs,

    v.

LIBERTY MUTUAL FIRE
INSURANCE COMPANY,

    Defendant

CASE NO. C09-5464BHS

ORDER DENYING
PLAINTIFFS' AND
DEFENDANT'S MOTIONS
FOR RECONSIDERATION

This matter comes before the Court on Plaintiffs' and Defendant's motions for reconsideration. Dkts. 33, 36. The Court has considered the pleadings filed in support of and in opposition to the motions and the remainder of the file and hereby denies both motions as discussed herein.

**I. PROCEDURAL HISTORY**

On July 1, 2009, Plaintiffs filed a complaint for damages against Defendant in Cowlitz County Superior Court. Dkt. 1, attachment 1 at 14. On July 29, 2009, Defendant removed the matter to federal court. Dkt 1 at 1. On September 24, 2009, the Court denied Plaintiffs' motion to remand (Dkt. 5) and granted their motion to amend the complaint (Dkt. 8). Dkt. 16. On September 29, 2009, Plaintiffs filed their amended complaint. Dkt. 17. On October 29, 2009, Defendant filed a motion for partial summary judgment or, in

ORDER – 1

the alternative, for bifurcation and stay. Dkt. 21. On November 6, 2009, Plaintiffs responded to Defendant's motion within its cross motion for summary judgment and 56(f) motion. Dkt. 26. On November 16, 2009, Plaintiffs filed both a response to Defendant's cross motion (Dkt. 30) and a reply to Defendant's response to Plaintiffs' motion for partial summary judgment (Dkt. 21). Dkt. 31. On December 29, 2009, the Court granted in part and denied in part Defendant's motion for summary judgment and denied Plaintiffs' cross-motion for summary judgment. Dkt. 32.

On January 4, 2010, Plaintiffs filed a motion for reconsideration on the Court's summary judgment order. Dkt. 33. On January 12, 2010, Defendant filed a motion for reconsideration on the Court's partial summary judgment motion. Dkt. 36. Also, on January 12, 2010, the Court ordered Defendant to respond to Plaintiffs' motion for reconsideration. Dkt. 35. On January 15, 2010, Defendant responded. Dkt. 37.

## II. FACTUAL BACKGROUND

This matter arises out of an auto insurance dispute. Dkt. 1. The Court's partial summary judgment order (Dkt. 32) provides a more complete factual background of this case.

**A.  Plaintiffs' Motion for Reconsideration**

The following extra-contractual claims alleged by Plaintiffs are relevant here: (1) Consumer Protection Act violation ("CPA"), (2) bad faith handling of claim, and (3) violation of the Insurance Fair Conduct Act ("IFCA"). Dkt. 17 (Amended Complaint) ¶¶ 5.1-7.3. At summary judgment, the Court determined that Plaintiffs primarily predicated their claims for bad faith, CPA, and IFCA on the basis that Defendant declined to arbitrate Plaintiffs' claim and that Defendant removed the action to federal court based on diversity jurisdiction. See, e.g., Amended Complaint ¶¶ 5.2, 5.5, 5.7, 6.1, and 7.2. Because the Court found these predicates could not form the basis of the claims asserted,

the Court entered partial summary judgment in favor of Defendant. Dkt. 32 at 4.[1]

Plaintiffs now move the Court to reconsider its order on these claims. Dkt. 33.

**B.     Defendant's Motion for Reconsideration**

Defendant urged the Court to bifurcate the trial on the issues of Plaintiffs' UIM coverage claim and the remaining extra-contractual bad faith claim, and to stay discovery of the bad faith claim. See Dkt. 31 at 5, 7 (moving the Court to bifurcate and stay discovery on certain issues).

In its partial summary judgment order, the Court granted Defendant's motion to bifurcate but declined to stay discovery on the issue of bad faith. Dkt. 32 at 6-7. Defendant moves the court to reconsider its decision not to stay discovery on the non-contractual bad faith claim. Dkt. 36.

### III. DISCUSSION

Motions for reconsideration are governed by Local Rule CR 7(h), which provides as follows:

> Motions for reconsideration are disfavored. The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence.

**A.     Plaintiffs' Motion for Reconsideration**

Plaintiffs' contractual bad faith claim, IFCA claim, and CPA claim were each predicated on facts that cannot support those claims. *See* Dkt. 32 at 4-5 (setting out the pertinent element of each claim and noting why Plaintiffs have failed to allege any facts that could satisfy such elements). The Court concludes that it properly ordered partial summary judgment in favor of Defendant on these issues.

---

[1] The only remaining claims following the order of partial summary judgment were Plaintiffs' UIM claim and extra-contractual bad faith claim. Dkt. 32 at 5 (citing Complaint ¶ 6.1 (alleging facts to support a bad faith claim other than the fact that Defendant decided not to arbitrate and elected to remove the matter to federal court)).

ORDER – 3

Because Plaintiffs have failed to meet their burden for justifying the Court's reconsideration of its partial summary judgment order, Plaintiffs' motion is denied.

**B.  Defendant's Motion for Reconsideration**

Defendant moves the Court to "reconsider its prior ruling denying [Defendant's] motion to stay discovery of the extra-contractual [bad faith] claim pending resolution of the Plaintiffs' UIM claim . . . ." Dkt. 36 at 2. However, Defendant does not adequately show the presence of manifest error in the prior ruling, nor has it set forth "new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence." *See* Local Rule CR 7 (setting out burden on motions for reconsideration). In fact, Defendant only raises concerns that the Court previously considered when it denied the motion to stay discovery.

Because Defendant has failed to meet its burden for justifying the Court's reconsideration of its decision to order parallel discovery on Plaintiffs' UIM and bad faith claims, Defendant's motion is denied.

## IV. ORDER

Therefore, it is hereby

**ORDERED** that Plaintiffs' and Defendant's motions (Dkts. 33, 36) for reconsideration are DENIED.

DATED this 24th day of February, 2010.

BENJAMIN H. SETTLE
United States District Judge

ORDER – 4